Terry L. Goddard Jr. (tgoddard@skaufflaw.com)
SKEEN & KAUFFMAN, LLP
911 North Charles Street, 2nd Floor
Baltimore, MD 21201
Telephone: (410) 625-2252
Facsimile: (443) 817-0744
Attorneys for Plaintiff

## IN THE CIRCUIT COURT OF MARYLAND
## FOR ST. MARY'S COUNTY

| | |
|---|---|
| VICTORIA J. WARD, aka, VICTORIA J. MOORE<br>45780 Nicholas Court<br>Great Mills, MD 20634 | Case No.: $C-13-1684$ |
| **Plaintiff,** | |
| vs. | **COMPLAINT** |
| SUPERVALU, INC., dba, SHOPPERS<br>7077 Flying Cloud Drive<br>Eden Prairie, MN 55344 | |
| Serve On: *Resident Agent*<br>The Corporation Trust Inc.<br>351 West Camden Street<br>Baltimore, MD 21201 | |
| DIVERSIFIED MAINTENANCE SYSTEMS<br>LLC<br>5110 Eisenhower Blvd., Suite 250<br>Tampa, FL 33634 | |
| Serve On: *Resident Agent*<br>The Corporation Trust Inc.,<br>351 West Camden Street<br>Baltimore, MD 21201 | |
| **Defendants.** | |

Plaintiff Victoria Ward ("Ward"), by her attorneys, Terry L. Goddard Jr., and Skeen &

Kauffman, LLP, sue Defendants, SuperValu, Inc., dba, Shoppers ("SuperValu") and Diversified

1

Maintenance Systems LLC ("Diversified") and states as follows:

## Introduction

1.      This is a case of negligence/premises liability arising out of an injury sustained by Ms. Ward when she was grocery shopping at the SuperValu Shoppers location in California, Maryland.

## The Parties

2.      At all times relevant to this Complaint, Plaintiff Victoria Ward was a married woman and a resident of the State of Maryland, St. Mary's County.

3.      At all times relevant to this Complaint, Defendant SuperValu was duly organized and incorporated under the laws of the State of Delaware, was registered to conduct business in the State of Maryland, and owned and operated the Shoppers grocery store location in California, Maryland.

4.      At all times relevant to this Complaint, Defendant Diversified was duly organized and incorporated under the laws of the State of Delaware, was registered to conduct business in the State of Maryland, and provided maintenance services to clients in Maryland and across the country.

## Jurisdiction and Venue

4.      Jurisdiction over this action is proper under Md. Code, Courts & Judicial Proceedings, §§ 4-401(1) & 6-103(b)(1 & 3), as the amount in controversy does exceed $30,000, the defendants transacted business in this State, and the tortious injury was caused in this State by an act in this State.

5.      Venue over this action is proper under Md. Code, Courts & Judicial Proceedings, § 6-201(a) as Defendants carry on business in St. Mary's County. .

2

## Facts

6.     On December 21, 2011, Ward, as a business invitee, entered the SuperValu Shoppers location at 22599 MacArthur Boulevard in California, Maryland.

7.     Ms. Ward arrived at about 6:00 a.m. for the purpose of purchasing a rib roast for Christmas Eve dinner from the Shoppers' meat department.

8.     Ward proceeded to the Shoppers' meat department and was assisted by James, the meat department manager.

9.     James provided Ward with her purchase and Ward began to walk up one of the sales aisles to pay for her purchase.

10.     While walking up a sale aisle Ward noticed that the meat had been priced incorrectly by James and she returned to the meat department to have the purchase repriced correctly.

11.     With her purchase correctly priced, Ward again entered a sale aisle of the store and began to walk up to the cashiers to pay for her purchase.

12.     As she began to walk up the aisle, she observed a young male walking at the other end of the aisle who appeared to be a Shoppers employee.

13.     This employee was holding a wet dripping mop over his shoulder as he moved to the front of the store.

14.     As Ward noticed this employee her feet went out from under her and into the air.

15.     Ward landed on her back and her head hit a sales shelf.

16.     Based on information provided by SuperValu, the young man at the end of the aisle may have been an employee of Diversified.

3

17.     Based on information provided by SuperValu, Diversified provided cleaning
maintenance services to the California, Maryland Shoppers location.

18.     At the time of this incident, no signs or other warnings were posted that the floor
was wet or that maintenance was being completed in that sales aisle.

19.     At the time of this incident the individual with the mop did not have it properly
placed in a bucket or any other type of wheeled receptacle to prevent unnecessary and
unwarranted water from dripping on the floor and there did not appear to be any supervising
employees, agents, or designees.

20.     As a result of this incident, Ward sustained injury that has required extensive
physical therapy and pain management treatment.

### Count I – Negligence - SuperValu

21.     Plaintiff incorporates by reference, as if fully set forth herein, the allegations
contained in Paragraphs 1 through 20.

22.     SuperValu owed Ward, a business invitee, a duty of care to warn Ward of
unreasonable risk and to provide Ward a safe environment while a shopper at SuperValu's
Shopper store location in California, Maryland.

23.     This duty included, but was not limited to, proper supervision of employees
and/or contractors regarding the proper procedure for floor cleaning and general maintenance
during store operating hours, proper supervision of employees and/or contractors when floor
cleaning or maintenance was undertaken during store operating hours, contemporaneous
verification of policy compliance when an employee and/or contractor conducted floor cleaning
or maintenance during operating hours, placement of proper signage or warning when employees

4

and/or contractors undertook floor cleaning and/or floor maintenance during operating hours, and proper monitoring of employees and/or contractors during store operating hours.

24.     SuperValu breached its duty of care owed to Ward by failing to properly supervise its employees and/or contractors regarding the proper procedure for floor cleaning and general maintenance during store operating hours, failing to properly supervise its employees and/or contractors when floor cleaning or maintenance was undertaken during store operating hours, failing to contemporaneously verify policy compliance when an employee and/or contractor conducted floor cleaning or maintenance during operating hours, failing to place proper signage or warning when employees and/or contractors undertook floor cleaning and/or floor maintenance during operating hours, and failing to monitor its employees and/or contractors during store operating hours.

25.     As a direct and proximate result of this breach of duty by SuperValu, Ward has suffered damages in the form of medical bills, time off of work, over the counter medical expenses, pain and suffering, loss of consortium, and other damages which will be proven at the time of trial in this matter.

## Count II – Negligence - Diversified

26.     Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 25.

27.     Diversified owed Ward a duty of care to warn Ward of unreasonable risk and to provide Ward a safe environment while a shopper at SuperValu's Shopper store location in California, Maryland.

28.     This duty included, but was not limited to, placement of proper signs and warning that floor cleaning or floor maintenance was underway, proper instruction to employees of how

5

to properly carry wet cleaning supplies such as those utilized in this case, monitoring of employees when on job sites to insure that proper procedures were followed to protect patrons of Diversified's clients, and proper use and handling of cleaning supplies and tools in an environment such as the Shoppers location.

29.    Diversified breached its duty of care owed to Ward by failing to place signs and warnings that floor cleaning or floor maintenance was underway, failing to properly instruct employees of how to carry wet cleaning supplies such as those utilized in this case, failing to monitor employees when on job sites to insure that proper procedures were followed to protect patrons of Diversified's clients, and failing to use and handle cleaning supplies and tools in an environment such as the Shoppers location in an industry acceptable fashion.

30.    As a direct and proximate result of this breach of duty by Diversified, Ward has suffered damages in the form of medical bills, time off of work, over the counter medical expenses, pain and suffering, loss of consortium, and other damages which will be proven at the time of trial in this matter.

WHEREFORE, as to all counts, Plaintiff requests judgment be entered against Defendant in an amount to be determined at trial but herein asserted to be Three Hundred and Fifty Thousand Dollars ($350,000.00), an amount in excess of $75,000.00, plus costs of suit, pre-judgment interest, and such other and further relief as the Court deems just to provide.

6

## ELECTION OF JURY TRIAL

The Plaintiff elects a trial by jury on all issues in this matter.

Respectfully submitted this 28th day of October, 2013,

SKEEN & KAUFFMAN, LLP

Terry L. Goddard Jr.
911 North Charles Street
Baltimore, MD 21201

Attorney for the Plaintiff

7